Kenneth W. Jackson v. Commissioner.
Jackson v. Commissioner
Docket No. 6043-66.
United States Tax Court
T.C. Memo 1969-110; 1969 Tax Ct. Memo LEXIS 186; 28 T.C.M. (CCH) 581; T.C.M. (RIA) 69110; May 28, 1969, Filed Kenneth W. Jackson, pro se., 1593 Herkimer Rd., Utica, N. Y. John D. Steele, Jr., for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: Respondent determined a deficiency in income tax of the petitioner for *187 the taxable year 1964 in the amount of $442.58. The issue for decision is whether petitioner, during the taxable year 1964, provided more than one-half of the total support for any of his three children so as to qualify for the dependency deductions which respondent has disallowed. Findings of Fact Kenneth W. Jackson, the petitioner, resided at 1593 Herkimer Road, Lot 24, Utica, N. Y., at the time the petition herein was filed. Petitioner filed his Federal income tax return for the taxable year 1964 with the district director of internal revenue for the Buffalo district of New York. By separation agreement dated May 26, 1961, petitioner was separated from his then wife, Frances Jackson. The separation agreement was incorporated by reference in a decree of divorce obtained by petitioner's wife on June 13, 1961. The decree was issued by the Marion County Superior Court, State of Alabama. Paragraph 3.B. of the separation agreement obligated the petitioner to make support payments of $30 per week until such time as his three minor children became self-supporting. On the basis of these weekly support payments, petitioner claimed his three minor children as dependents under section *188 152 for the taxable year 1964. [1] Respondent disallowed these deductions on the ground that petitioner did not contribute more than 50 percent to the cost of the children's support. n2 Opinion At the trial, petitioner stipulated to the correctness of respondent's determination except *189 for the constitutionality of section 152 of the Internal Revenue Code of 1954. Petitioner has asserted in his petition that section 152 and the administrative methods used by respondent's agents in determining whether a dependency deduction should be allowed under this section deprive petitioner of his rights under the following amendments to the Constitution of the United States: [3]
ARTICLE [IV] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. ARTICLE [V] No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice 582 put in jeopardy of life or limb; *190 nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation. ARTICLE [VI] In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the assistance of counsel for his defense. ARTICLE [VII] In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law. ARTICLE [VIII] Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. * * * ARTICLE [X] The powers not delegated *191 to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people. * * * ARTICLE XVI The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration. Our review of the record, the pleadings and the memorandum briefs submitted by both parties indicates that the arguments raised by the petitioner under Articles IV, V, VI, VII, X and XVI of the Constitution are so totally without merit as not to warrant further discussion. The argument raised by petitioner under Article VIII of the Constitution can and should be dismissed with equal expedition. However, for the benefit of petitioner and because so often the circumstances in which petitioner finds himself seem to prevail wherever two parents are vying for the same dependency deduction, we deem it proper to respond to petitioner's argument under Article VIII of the Constitution. Allegation 6(c) of petitioner's petition states in pertinent part: A portion of Article VIII, the eighth amendment, of the Constitution reads nor cruel and *192 unusual punishment inflicted. The omission of declaratory and restrictive clauses to Article VIII, the eighth amendment, makes its principal consideration * * * one of fact not conditions or circumstance. The actions of the Commissioner taken to force the petitioner to prove dependency credits year after year is, in fact, a undeniably cruel and unusual punishment inflicted on the petitioner. The petitioner having dissolved the bonds of matrimony to escape the torment of marital strife now finding himself bound to and in continued conflict with his former spouse, and with the Commissioner over certain provisions of Section 152 of the Internal Revenue Code of 1954 has had, and is having a cruel and unusual punishment inflicted. * * * We recognize the possible source of difficulty which may very well confront petitioner every time he is put to the test of substantiating his dependency deduction. However, though we sympathize with petitioner, we cannot see any color of merit in his contention. The burden imposed on petitioner under section 152 is a stern one in a case such as this. If petitioner has had to face the "marital firing line" in the past because of this *193 burden, we can only hope that for him, and for others as well, the provisions of the new subsection 152 (e) [4] will help to mollify the acrimonious climate often created by the strict terms of section 152 as it was constituted at the time the facts of this case took place. *194 583 In summary, however, the mere fact that Congress has not, in the past, favored the petitioner in prescribing the requirements for dependency deductions under section 152 does not impress us as being grounds for asserting that Congress has, by such act, exceeded its constitutional authority. There being no further questions to be resolved, Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, The support test in the case of legally separated or divorced taxpayers is now governed by section 152(e). However, since section 152(e) is limited to taxable years beginning after December 31, 1966, our consideration will be restricted to the language of section 152(a) (1) quoted above. n2 All of petitioner's children were minors for the taxable year 1964, and none were self-supporting during said year.↩
3. Hereinafter referred to as the Constitution.↩
4. (e) Support Test in Case of Child of Divorced Parents, Et Cetera. - (1) General rule. - If - (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule. - The child of parents described in paragraph (1) shall be treated as having received over half his support during the calendar year from the parent not having custody if - (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support. (3) Itemized statement required. - If a taxpayer claims that paragraph (2)(B) applies with respect to a child for a calendar year and the other parent claims that paragraph (2)(B)(i) is not satisfied or claims to have provided more for the support of such child during such calendar year than the taxpayer, each parent shall be entitled to receive, under regulations to be prescribed by the Secretary or his delegate, an itemized statement of the expenditures upon which the other parent's claim of support is based. (4) Exception for multi-support agreement. - The provisions of this subsection shall not apply in any case where over half of the support of the child is treated as having been received from a taxpayer under the provisions of subsection (c). (5) Regulations. - The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purposes of this subsection.↩